3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
DEC 17 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ARTEMIO ALANIZ-GARZA | * | |
| | * | |
| VS. | * | CIVIL ACTION |
| | * | NO. B-97-238 |
| IMMIGRATION AND NATURALIZATION | * | |
| SERVICE | * | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is a Petition for a Writ of Habeas Corpus and Respondent's opposition to same. The Honorable Filemon B. Vela, District Judge, having jurisdiction over the above styled and numbered proceedings has directed this Court to consider the matter and file a report and recommendation herein.

This Court has read the parties, pleadings, considered their respective arguments in light of the record and the applicable law and is of the opinion that Respondent's Motion to Dismiss should be granted. In support of the aforementioned opinion this Court files the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Petitioner is a citizen and national of Mexico who has a final order of deportation pending against him. Petitioner entered the United States on April 14, 1998, Petitioner was convicted in the United States District Court for the Southern

District of Texas, McAllen Division, of possession of 500 grams of cocaine and was sentenced to three years probation.

2. At Petitioner's deportation hearing, on January 27, 1989, the Immigration judge denied Petitioner's application for relief pursuant to 8 U.S.C. § 1182(C), § 212(c) of the act and ordered his deportation to Mexico. In a decision dated August 30, 1993, the Board affirmed the decision of the Immigration judge.

3. Petitioner filed a Petition for a Writ of Habeas Corpus in the Untied States District Court for the Southern District of Texas, Brownsville Division, Civil Action No. B-94-031. The Government moved to dismiss the case for lack of subject matter jurisdiction, since the Petitioner failed to exhaust his administrative remedies, and for failure to state a claim upon which relief could be granted.

4. United States Magistrate Judge, Fidencio G. Garza, recommended that the Government's Motion to Dismiss be granted and the cause of action be dismissed. United States District Judge, Filemon B. Vela, adopted the Magistrate Judge's Report and Recommendation and dismissed the Petitioner's Petition for Writ of Habeas Corpus on September 18,1995. In a decision dated September 19, 1996, the Fifth Circuit affirmed the District Court's order of dismissal.

5. On September 2, 1997, the Service issued a second bag and baggage letter demanding Petitioner surrender himself for deportation. As a result, Petitioner filed the instant action.

## CONCLUSIONS OF LAW

1. The Immigration and Nationality Act requires that "[n]o petition ... for habeas corpus shall be entertained if the validity of the [deportation] order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding ... ." 8 U.S.C. § 1105a(c), § 106(c) of the Act. Since Petitioner's case was initiated before April 1, 1997, the old provisions of 8 U.S.C. § 1105a, § 106 of the Act, still apply to the instant case for an attack on the validity of the deportation order.

2. The validity of the outstanding deportation order has been previously upheld in a prior civil proceeding. The Honorable Filemon B. Vela, District Judge, issued an order which adopted Magistrate Judge Garza's Report and Recommendation to deny Petitioner's 1994 Petition for Writ of Habeas Corpus and dismissed the petition Civil Action No. B-94-031. This Court refused to allow Petitioner to attack the validity of the administratively final deportation order in district court because Petitioner failed to exhaust this administrative remedies.

3. Petitioner, through this Petition for Writ of Habeas Corpus, asserts that he is now eligible for cancellation of

3

removal and that such relief was not available to him when he filed his previous petition. However such assertion is misplaced. At the time Petitioner filed his first Petition for Writ of Habeas Corpus in 1994, cancellation of removal was not available to him. Cancellation of removal was created two years later by IIRIRA. Section 304 of IIRIRA added § 240A, entitled "Cancellation of Removal; Adjustment of Status,". We find this section to be of no relevance in Petitioner's case.

4. Petitioner originally filed a Petition for Writ of Habeas Corpus in 1994 after receiving notice from the Service that he had to surrender for deportation. In his report and recommendation, Magistrate Judge Garza found that Petitioner had failed to exhaust his administrative remedies and that he failed to file a petition for review with the Fifth Circuit within the requisite period. Consequently, Magistrate Judge Garza found that Petitioner was precluded from attacking the validity of the deportation order by filing a petition for writ of habeas corpus in district court, and recommended the petition be dismissed. Such recommendation was adopted by the District Judge, Filemon B. Vela and upheld on appeal.

5. Petitioner again attempts to by-pass that requirement, and forestall his deportation pursuant to a final order, by seeking to invoke the district court's jurisdiction by means of second habeas corpus petition. Actually, Petitioner is again attempting to challenge the validity of his deportation order in

district court since he can no longer challenge it in the Fifth Circuit. This Court lacks jurisdiction to entertain his motion.

Because of the foregoing this Court respectfully recommends that Respondent's Motion to Dismiss be granted and this cause of action be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plainn error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequence will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Done at Brownsville, Texas, this 15TH day of December, 1998.

John Wm. Black
United States Magistrate Judge

5